IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TODD | ) |
| Plaintiff | ) ) ) |
| v. | ) 12CV4986 ) Judge John J. Tharp, Jr |
| LIBERTY POWER CORP, L.L.C. | ) Magistrate Judge Geraldine Soat Brown ) |
| Defendant | ) |

## COMPLAINT

NOW COMES Plaintiff, Michael Todd, *pro se*, who brings this Complaint and states as follows:

<u>Parties, Jurisdiction and Venue</u>

1. Plaintiff, Michael Todd (herein "Plaintiff" or "Todd") is an individual person who at all relevant times herein resided at 9134 Del Prado Dr., 2N, Palos Hills, IL 60465.

2. Defendant, LIBERTY POWER CORP, L.L.C. (herein "Defendant" or "LIBERTY") is a Delaware limited liability company that routinely conducts business in this district.

3. 47 U.S.C. § 227 *et seq.* presents a federal question and as such jurisdiction arises under 28 U.S.C. § 1331. Venue is proper as LIBERTY conducts business in this district and Todd was damaged in this district. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

<u>Factual Allegations</u>

4. On January 19, 2012, LIBERTY, or an entity calling on its behalf, initiated a call to Todd's residential telephone number of 708-576-8156 for telemarketing purposes. During the course of the January 19, 2012 call from LIBERTY, or an entity calling on its behalf, Todd

answered the phone but no LIBERTY representative or representative calling on its behalf was connected to the call within 30 seconds of Todd answering the phone. During the course of the January 19, 2012 call from LIBERTY, or an entity calling on its behalf, LIBERTY, or an entity calling on its behalf, failed to provide Todd a prerecorded identification messages that stated only the name and telephone number of LIBERTY or the entity calling on its behalf and that the call was for telemarketing purposes.

5. On or about February 6, 2012, Todd received a telemarketing solicitation on his residential telephone number of 708-576-8156 from LIBERTY or an entity calling on its behalf. During the course of the February 6, 2012 telemarketing solicitation from LIBERTY, or an entity calling on its behalf the representative attempted to sell Todd an energy service provided by LIBERTY. Although given ample opportunity by Todd, LIBERTY or an entity calling on its behalf failed to provide Todd with an address or phone number for LIBERTY or an entity calling on its behalf during the February 6, 2012 telemarketing solicitation.

6. On or about February 6, 2012, Todd requested to be placed on LIBERTY's do-not-call list.

7. Shortly thereafter, Todd received a call for telemarketing purposes from LIBERTY or an entity calling on its behalf. Upon the representative identifying herself as being with LIBERTY and attempting to start the sales pitch, Todd advised the representative that he had previously requested to be placed on LIBERTY's do-not-call list and terminated the call.

8. On March 28, 2012, LIBERTY or an entity calling on its behalf initiated a call to Todd's residential telephone number of 708-576-8156 for telemarketing purposes.

9. On March 30, 2012 at 10:31 a.m., LIBERTY or an entity calling on its behalf initiated a call to Todd's residential telephone number of 708-576-8156 for telemarketing purposes.

10. On March 30, 2012 at 10:32 a.m., LIBERTY or an entity calling on its behalf initiated a call to Todd's residential telephone number of 708-576-8156 for telemarketing purposes.

11. On March 31, 2012, LIBERTY or an entity calling on its behalf initiated a call to Todd's residential telephone number of 708-576-8156 for telemarketing purposes.

12. On April 3, 2012, LIBERTY or an entity calling on its behalf initiated a call to Todd's residential telephone number of 708-576-8156 for telemarketing purposes. During the course of the April 3, 2012 telemarketing solicitation from LIBERTY or an entity calling on its behalf, the representative attempted to sell Todd an energy service provided by LIBERTY. Although given ample opportunity by Todd, LIBERTY or an entity calling on its behalf failed to provide Todd with an address or phone number for LIBERTY or an entity calling on its behalf during the April 3, 2012 telemarketing solicitation.

13. During the course of the April 3, 2012 telemarketing solicitation, Todd requested a written copy of LIBERTY's do-not-call policy. Instead of the representative addressing Todd's request, the representative simply hung up on Todd, presumably to move on to a more profitable call for LIBERTY. As of June 22, 2012, Todd has not received the requested written do-not-call policy. On information and belief, LIBERTY failed to send Todd LIBERTY's written do-not-call policy pursuant to Todd's request made on April 3, 2012.

14. In regard to each of the above-described calls to Plaintiff's residence:

　(a) Plaintiff was a "person" under 47 U.S.C. § 227 *et seq.*;

　(b) Each call described above caused Todd's phone to ring while Todd was present at his residence;

　(c) Each call was placed by or on behalf of LIBERTY, a "seller" as defined by 47 C.F.R. § 64.1200(f)(7); and

(d) Each call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined under 47 U.S.C. § 227(a)(5) and was "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(10).

15. Plaintiff has suffered damages as a result of each and every violation described herein.

### Count One: Violations of 47 C.F.R. § 64.1200(a)(6)

16. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

17. During the course of the January 19, 2012 telemarketing solicitation, LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(a)(6) by failing to provide Todd, within 2 seconds after Todd's completed greeting, a prerecorded identification message that states only the name and telephone number of the business, entity, or individual on whose behalf the call was placed, and that the call was for telemarketing purposes, and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

18. During the course of the January 19, 2012 telemarketing solicitation, LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(a)(6) by willfully and/or knowingly failing to provide Todd, within 2 seconds after Todd's completed greeting, a prerecorded identification message that states only the name and telephone number of the business, entity, or individual on whose behalf the call was placed, and that the call was for telemarketing purposes and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

19. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Two: Violations of 47 C.F.R. § 64.1200(d)(4)

20. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

21. During the course of the February 6, 2012 telemarketing solicitation, LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(4) by failing to provide Todd with a telephone number or address for LIBERTY or the entity calling on its behalf and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

22. During the course of the February 6, 2012 telemarketing solicitation, LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(4) by willfully and/or knowingly failing to provide Todd with a telephone number or address for LIBERTY or the entity calling on its behalf and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

23. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Three: Violations of 47 C.F.R. § 64.1200(d)(3)

24. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

25. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 28, 2012 for the purposes of a telemarketing solicitation by failing to honor Todd's do-not-call request made in February 2012. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

26. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 28, 2012 for the purposes of a telemarketing solicitation by willfully and/or knowingly failing to honor Todd's do-not-call request made in February 2012 and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

27. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Four: Violations of 47 C.F.R. § 64.1200(d)(3)

28. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

29. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 30, 2012 at 10:31 a.m. for the purposes of a telemarketing solicitation by failing to

honor Todd's do-not-call request made in February 2012. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

30. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 30, 2012 at 10:31 a.m. for the purposes of a telemarketing solicitation by willfully and/or knowingly failing to honor Todd's do-not-call request made in February 2012 and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

31. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

## Count Five: Violations of 47 C.F.R. § 64.1200(d)(3)

32. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

33. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 30, 2012 at 10:32 a.m. for the purposes of a telemarketing solicitation by failing to honor Todd's do-not-call request made in February 2012. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

34. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 30, 2012 at 10:32 a.m. for the purposes of a telemarketing solicitation by willfully and/or knowingly failing to honor Todd's do-not-call request made in February 2012 and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

35. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Six: Violations of 47 C.F.R. § 64.1200(d)(3)

36. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

37. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 31, 2012 for the purposes of a telemarketing solicitation by failing to honor Todd's do-not-call request made in February 2012. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

38. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on March 31, 2012 for the purposes of a telemarketing solicitation by willfully and/or knowingly failing to honor Todd's do-not-call request made in February 2012 and thereby

violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

39. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

Count Seven: Violations of 47 C.F.R. § 64.1200(d)(3)

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on April 3, 2012 for the purposes of a telemarketing solicitation by failing to honor Todd's do-not-call request made in February 2012. As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

42. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(3) by and through the course of LIBERTY or an entity calling on its behalf initiating a call to Todd on April 3, 2012 for the purposes of a telemarketing solicitation by willfully and/or knowingly failing to honor Todd's do-not-call request made in February 2012 and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

43. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages.

WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Eight: Violations of 47 C.F.R. § 64.1200(d)(4)

44. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

45. During the course of the April 3, 2012 telemarketing solicitation, LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(4) by failing to provide Todd with a telephone number or address for LIBERTY or the entity calling on its behalf and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

46. During the course of the April 3, 2012 telemarketing solicitation, LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(4) by willfully and/or knowingly failing to provide Todd with a telephone number or address for LIBERTY or the entity calling on its behalf and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

47. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Nine: Violations of 47 C.F.R. § 64.1200(d)(1)

48. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

49. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(1) by and through the course of the April 3, 2012 telemarketing solicitation by failing to provide Todd upon demand a written do-not-call policy for LIBERTY or the entity calling on its behalf and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against LIBERTY in the amount of $500 pursuant to 47 U.S.C. § 227(c)(5).

50. LIBERTY or an entity calling on its behalf violated 47 C.F.R. § 64.1200(d)(4) by and through the April 3, 2012 telemarketing solicitation by willfully and/or knowingly failing to provide Todd upon demand a written do-not-call policy for LIBERTY or the entity calling on its behalf, and thereby violated 47 U.S.C. § 227(c)(5). As a result, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against LIBERTY in the total amount of $1,500 pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff has been damaged as a result and LIBERTY is liable to Plaintiff for his damages. WHEREFORE, Todd demands judgment against LIBERTY for statutory damages in the amount of $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### Count Ten: Invasion of Privacy (Intrusion upon Seclusion)

52. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

53. The common law of Illinois recognizes an individual's right to be free form invasions of privacy and intrusions upon seclusion, particularly in an individual's own home.

54. The federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., was enacted to protect the privacy interests of residential telephone subscribers, such as Todd, by placing restrictions on unsolicited telephone calls initiated to individuals' residences for

commercial purposes, and by imposing obligations upon sellers and telemarketers, such as LIBERTY.

55. Although Todd requested to be placed on LIBERTY's internal do-not-call list in February 2012, LIBERTY still placed 5 additional telemarketing calls to Todd at least 30 days after Todd's request.

56. In placing the 5 additional telemarketing calls to Todd, LIBERTY intentionally, maliciously and with reckless disregard to Todd's rights disregarded LIBERTY's legal duty to refrain from making such unlawful calls, completely disregarded Todd's express requests that LIBERTY not call his home, interfered with Todd's right to be left alone, intruded upon Todd's solitude and seclusion, and invaded Todd's privacy in a manner that would be highly offensive to a reasonable person, and which was highly offensive to Todd, and which amounted to a campaign to intentionally and with reckless disregard harass, bother, frustrate, agitate, aggravate, annoy and torment Todd.

57. As a direct and proximate result of LIBERTY's intentional, malicious and wrongful actions done with reckless disregard to Todd's rights by repeatedly calling Todd's home, in failed to comply with Todd's lawful request that LIBERTY not call is residence, and in becoming and remaining a nuisance to Todd, Todd experienced and suffered outrage, agitation, irritation, frustration, anxiety, aggravation, annoyance, stress and other negative emotions, just as any reasonable person would have experienced or suffered under the same circumstance.

58. LIBERTY is liable to Todd for his damages.

59. Todd is entitled to an award of compensatory damages against LIBERTY.

60. As the actions were willful, wanton, or with reckless disregard to Todd's rights, Todd is entitled to punitive damages against LIBERTY.

WHEREFORE, Todd demands judgment against LIBERTY for nominal damages, compensatory damages, punitive damages, in excess of $75,000, the costs of this action, and any other relief deemed just and appropriate.

### Jury Demand

Plaintiff demands a trial by jury on all of his claims.

Respectfully submitted: _____
Michael Todd, Plaintiff, *pro se*
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
Mtodd75682@aol.com